

**U.S. Department of Justice**
United States Attorney's Office
District of New Jersey

*Christina O. Hud*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973) 645-2821*
*Email: christina.hud@usdoj.gov*

COH/2017R00341

June 18, 2018

Michael P. Koribanics, Esq.
Koribanics & Koribanics
685 Van Houten Avenue
Clifton, NJ 07013-2197

      Re: <u>Plea Agreement with Timothy Yates</u>

Dear Mr. Koribanics:

This letter sets forth the plea agreement between your client, TIMOTHY YATES, and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on **June 29, 2018** if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from TIMOTHY YATES to a one-count Information, which charges the knowing distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). If TIMOTHY YATES enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against TIMOTHY YATES for knowingly possessing and distributing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been mailed, and using any means and facility of interstate and foreign commerce, shipped, and transported in and affecting interstate commerce by any means, including by computer, from in or about November 2016 through in or about May 2017, as well as any charges under 18 U.S.C. § 1466A for production of a visual depiction depicting a minor engaging

1

in sexually explicit conduct that is obscene. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, TIMOTHY YATES agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by TIMOTHY YATES may be commenced against him, notwithstanding the expiration of the limitations period after TIMOTHY YATES signs the agreement.

Sentencing

The violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1) to which TIMOTHY YATES agrees to plead guilty carries a statutory mandatory minimum sentence of 5 years, a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon TIMOTHY YATES is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The U.S. Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence TIMOTHY YATES ultimately will receive.

Further, in addition to imposing any other penalty on TIMOTHY YATES, the sentencing judge: (1) will order TIMOTHY YATES to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order TIMOTHY YATES to pay restitution pursuant to 18 U.S.C. § 2259; (3) must order forfeiture, pursuant to 18 U.S.C. § 2253; and (4) pursuant to 18 U.S.C. § 3583 must require TIMOTHY YATES to serve a term of supervised release of at least five (5) years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed. Should TIMOTHY YATES be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, TIMOTHY YATES may be sentenced to not more than five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should TIMOTHY YATES be placed on a term of supervised release and subsequently commit an offense while on release in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one (1) year can be imposed, TIMOTHY YATES must be sentenced to at least five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on TIMOTHY YATES by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of TIMOTHY YATES' activities and relevant conduct with respect to this case.

Stipulations

This Office and TIMOTHY YATES agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or TIMOTHY YATES from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a

3

stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and TIMOTHY YATES waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Restitution

Defendant TIMOTHY YATES understands that he will be required to pay full restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that, in return for the U.S. Attorney's Office's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which TIMOTHY YATES is pleading guilty. In particular, TIMOTHY YATES agrees that the Court may order restitution to any victim of any offenses that are considered relevant conduct to the offenses to which the defendant is pleading guilty, as defined in U.S.S.G. § 1B1.3, for any losses suffered by those victims as a result of those offenses. Defendant TIMOTHY YATES further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

Forfeiture

Defendant TIMOTHY YATES agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States: (1) all computers and computer accessories on which law enforcement discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in the Information and all property traceable to such property (the "Forfeitable Property", which includes the items listed on Schedule B attached hereto). See 18 U.S.C. § 2253.

Defendant TIMOTHY YATES further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  TIMOTHY YATES agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  TIMOTHY YATES understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Defendant TIMOTHY TAYES hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Defendant TIMOTHY YATES understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  TOMOTHY YATES understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Registration Consequences

Defendant TIMOTHY YATES understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties.  TIMOTHY YATES wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea.  TIMOTHY YATES understands that he is bound by his guilty plea regardless of any registration consequences of the plea.  Accordingly, TIMOTHY YATES waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct

appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

Adam Walsh Child Protection and Safety Act

Defendant TIMOTHY YATES has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where TIMOTHY YATES resides; where he is an employee; and where he is a student. TIMOTHY YATES understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. TIMOTHY YATES further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. TIMOTHY YATES has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against TIMOTHY YATES. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against TIMOTHY YATES.

No provision of this agreement shall preclude TIMOTHY YATES from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that TIMOTHY YATES received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between TIMOTHY YATES and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Sincerely yours,

CRAIG CARPENITO
United States Attorney

By: _____
CHRISTINA O. HUD
Assistant U.S. Attorney
United States Attorney's Office
District of New Jersey

APPROVED:

_____
DANIELLE ALFONZO WALSMAN
Chief, Public Protection Unit
United States Attorney's Office
District of New Jersey

I have received this letter from my attorney, Mr. Michael Koribanics, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture, immigration consequences and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           _____
TIMOTHY YATES                                              Date
Defendant

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____           _____
MICHAEL KORIBANICS                                     Date
Defense Counsel

## Plea Agreement with TIMOTHY YATES
## Schedule A

1.\. This Office and TIMOTHY YATES recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and TIMOTHY YATES nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence TIMOTHY YATES within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and TIMOTHY YATES further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.\. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case. The applicable guideline is U.S.S.G. § 2G2.2(a)(2). This guideline carries a Base Offense Level of 22.

3.\. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(2) applies in that the material involved a prepubescent minor or a minor under the age of twelve years of age. This Specific Offense Characteristic results in an increase of 2 levels.

4.\. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(4) applies in that the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; and/or (B) sexual abuse or exploitation of an infant or toddler. This Specific Offense Characteristic results in an increase of 4 levels.

5.\. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(7)(D) applies because the offense involved 600 or more images. This Specific Offense Characteristic results in an increase of 5 levels.

6.\. The adjusted offense level is 33.

7.\. As of the date of this letter, it is expected that TIMOTHY YATES will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and TIMOTHY YATES' acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

8.\. As of the date of this letter, it is expected that TIMOTHY YATES will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will

move for a further 1-point reduction in TIMOTHY YATES' offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) TIMOTHY YATES enters a plea pursuant to this agreement, (b) this Office in its discretion determines that TIMOTHY YATES' acceptance of responsibility has continued through the date of sentencing and TIMOTHY YATES therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) TIMOTHY YATES' offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to TIMOTHY YATES is 30 (the "agreed total Guidelines offense level"), subject to any applicable statutory mandatory minimum.

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

11. TIMOTHY YATES knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 30. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 30. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

<u>Plea Agreement with TIMOTHY YATES</u>
<u>Schedule B</u>

One MacBook Pro (Serial No. QT3241DCN4L)

One MacBook Pro (Serial No. N883440MYTX)

One Black self-built computer tower